UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL AUNDREYA YOUNG, #93221 | ) ) ) | |
| Plaintiff, | ) ) | 2:09-cv-02217-KJD-LRL |
| vs. | ) ) | **ORDER** |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) | |
| Defendants. | ) / | |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The Court now reviews the Complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Nietzke v. Williams, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. The critical inquiry is whether a constitutional

claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Laboratory Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*); see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). See Neitzke, 490 U.S. at 327-28; see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Hydrick v. Hunter, 466 F.3d 676,

689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is currently incarcerated at Northern Nevada Correctional Center ("NNCC"), alleges that Defendants were deliberately indifferent to a serious risk of harm in violation of his Eighth Amendment rights, which led to his assault and serious injury at Southern Desert Correctional Center ("SDCC"). He has sued the Nevada Department of Corrections ("NDOC"), NDOC Director Howard Skolnik, SDCC Warden Brian Williams, SDCC Associate Warden of Programs ("AWP") Cheryl Burson, as well as Doe correctional officers. Plaintiff alleges that SDCC is chronically understaffed (particularly in the gym area), that inmates known to be dangerous are not segregated, that because weapons searches are infrequent inmates are able to obtain or make weapons to use on other inmates, and that inmate assaults are frequent. Plaintiff claims that just before he was attacked at least five assaults occurred, including one stabbing, and that Warden Williams and AWP Burson had actual knowledge of these events and thus the danger to inmates, yet failed to act to protect plaintiff. In August 2007, when plaintiff exited the law library he was attacked by several inmates—apparently in the gym area—and stabbed multiple times. Plaintiff was flown to a hospital in Las Vegas and underwent emergency surgery.

As an initial matter, while Plaintiff names NDOC as a Defendant, states and any governmental agency that is an arm of the state are not persons for purposes of Section 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Hale v. Arizona, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (en banc); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991); Howlett v. Rose, 496 U.S. 356, 365 (1990); Flint v. Dennison, 488 F.3d 816, 824–25 (9th Cir. 2007). Section 1983 claims against states or a governmental entity that is an arm of the state, therefore, are legally frivolous. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*). Because NDOC is one of the arms of the State, it is not a person for the purposes of § 1983.

See Doe, 131 F.3d 836; Black v. Nevada Dept. of Corrections, 2010 WL 2545760 at *2 (D. Nev. June 21, 2010). Accordingly, the claims against NDOC are dismissed with prejudice.

Next, while Plaintiff names NDOC Director Skolnik as a Defendant, "[l]iability under [§] 1983 arises only upon a showing of personal participation by the Defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); see also Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007); Ortez v. Washington County, State of Or., 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation). Plaintiff does not describe any specific actions by Director Skolnik, nor does he allege that Director Skolnik had knowledge of or participated in any alleged civil rights violation. Defendant Skolnik is dismissed from this action.

Turning to Plaintiff's substantive claims, he alleges that Defendants were deliberately indifferent to serious threats to his safety in contravention of the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Under the Eighth Amendment, "[p]rison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); see also Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Robinson v. Prunty, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. See Farmer, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837; Gibson v. County of Washoe, Nev., 290 F.3d 1175,

4

1187-88 (9th Cir. 200 2); <u>Jeffers v. Gomez</u>, 267 F.3d 895, 913 (9th Cir. 2001) (*per curiam*); <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.  See <u>Farmer</u>, 511 U.S. at 842;  <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).  Plaintiff states an Eighth Amendment claim against the remaining defendants.

**III.  Conclusion**

      **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the Complaint (docket #1-1).

      **IT IS FURTHER ORDERED** that all claims against the Nevada Department of Corrections ("NDOC") are dismissed with prejudice.  NDOC is **DISMISSED** from this action.

      **IT IS FURTHER ORDERED** that all claims against Howard Skolnik are dismissed with prejudice.  Howard Skolnik is **DISMISSED** from this action.

      **IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims **MAY PROCEED** against the remaining Defendants.

      **IT IS FURTHER ORDERED** that the Clerk shall electronically serve a copy of this Order, along with a copy of Plaintiff's Complaint, on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp.

      **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing, a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for Defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

      **IT IS FURTHER ORDERED** that Plaintiff shall file his Response, if any, to Defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment (docket #11) within thirty (30)

days of the date of entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (#15) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (#23) is **DENIED** without prejudice as premature. Plaintiff may re-file this Motion, if necessary, during discovery.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Move this case to trial and for review of complaint (#28) is **DENIED** as moot.

DATED: November 23, 2010.

_____
UNITED STATES DISTRICT JUDGE