# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL AUNDREYA YOUNG, | |
| Plaintiff, | Case No. 2:09-CV-02217-KJD-GWF |
| v. | **ORDER** |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Currently pending before the Court is Defendants' Motion to Dismiss (#11). Plaintiff filed a Response in opposition (#17). Plaintiff then filed an Amended Complaint (#30) and subsequent Amended Response in opposition (#31) to Defendants' dispositive Motion. Defendants filed a Reply (#32). Plaintiff then sought an extension of time in which to file an additional response (#34), which the Court denied. (#35). Plaintiff then filed a Response (#37) to Defendants' Reply.[1] The Court has

---

[1] On January 3, 2011, Plaintiff filed a request for an extension of time in which to file a response to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (#34). The request was denied by the Court on January 6, 2011, noting that the Motion to Dismiss had been fully briefed upon the filing of Defendants' December 9, 2010, Reply. (See #35). Nevertheless, Plaintiff filed a Response and an Exhibit/Affidavit to Defendants' Reply, in contravention of the Court's Order. (##37, 38). Defendants filed a Motion to Strike (#39) seeking that the Court to strike Plaintiff's "offending documents" from the record. The Court has reviewed the docket in this action, and finds that a motion to strike is a proper remedy for a pleading that violates a prior court order. See Patterson v. Ryan, 2010 WL 4977120 *1 n.2 (D. Ariz., Dec. 2010). Plaintiff has had more than ample opportunity to amend and file pleadings in this action. Accordingly, Defendants' Motion to Strike (#39) is granted.

considered the Motion, and its various Responses, Replies, and sur-responses, and for the reasons stated herein, grants Defendants' Motion.

**I. Background**

Plaintiff, Michael Aundreya Young, ("Young" or "Plaintiff") is an inmate within the State of Nevada, Department of Corrections ("NDOC") at Northern Nevada Correctional Center ("NNCC"). (##1, 2). Plaintiff's Complaint, brought pursuant to 42 U.S.C. 1983, alleges that Defendants were deliberately indifferent to a serious risk of harm in violation of his Eighth Amendment rights, which led to his assault and serious injury at Southern Desert Correctional Center ("SDCC"). His Complaint brings claims against the Nevada Department of Corrections ("NDOC"), NDOC Director Howard Skolnik, SDCC Warden Brian Williams, SDCC Associate Warden of Programs ("AWP") Cheryl Burson, as well as Doe correctional officers for violating his due process rights by failing to adequately guard and protect him while incarcerated.[2]

Plaintiff alleges that SDCC is chronically understaffed (particularly in the gym area), that inmates known to be dangerous are not segregated, that because weapons searches are infrequent inmates are able to obtain or make weapons to use on other inmates, and that inmate assaults are frequent. Plaintiff claims that just before he was attacked, at least five assaults occurred, including one stabbing, and that Warden Williams and AWP Burson had actual knowledge of these events and thus the danger to inmates, yet failed to act to protect Plaintiff. In August 2007, when Plaintiff exited the law library he was attacked by several inmates—apparently in the gym area—and stabbed multiple times. Plaintiff was flown to a hospital in Las Vegas and underwent emergency surgery. His Complaint seeks declaratory and injunctive relief, along with monetary and punitive damages.

Defendants' instant Motion seeks that the Court dismiss Plaintiff's Complaint for failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995.

---

[2]The Court dismissed Plaintiff's claims against NDOC and Howard Skolnik per its Order of November 23, 2010. (See #29).

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), if on a motion to dismiss, matters outside of the pleadings are presented to, and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Rule 56. Here, although Defendants' Motion to Dismiss, as well as Plaintiff's Response, submit matters outside of the pleadings, and thereby require the Court to treat Defendants' Motion to Dismiss as a Rule 56 Motion for Summary Judgment, the Ninth Circuit has held that a "contention that the prisoner has failed to exhaust his administrative remedies . . . that [is] not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." Wyatt v. Terhune, 315 F.3d 1108, 1119–20 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). This is based upon the principle that motions for summary judgment are decided on the merits, whereas motions to dismiss an action for failure to exhaust administrative remedies are not decided on the merits. Wyatt v. Terhune, 315 F.3d 1120 (citing Stauffer Chem. Co. v. FDA, 60 F.2d 106, 108 (9th Cir. 1982); Heath v. Cleary, 708 F.2d 1376, 1380 n. 4 (9th Cir. 1983). Furthermore, in deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt v. Terhune, 315 F.3d 1119–20 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 369. Therefore, here, before examining Defendants' claims for dismissal under the Rule 56 standard, the Court first examines Defendants' contention that Plaintiff has failed to exhaust administrative remedies under the proper standard of Fed. R. Civ. P. 12(b).

## III. Failure to Exhaust Administrative Remedies

Defendants contend that Plaintiffs' Complaint should be dismissed in its entirety because Plaintiff failed to exhaust his administrative remedies prior to filing suit in federal court as required under section 1997e(a) of the Prison Litigation Reform Act of 1995. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." Under this Rule, prisoners must complete the prison's administrative grievance process regardless of the relief offered. Booth v. Churner, 532 U.S. 731, 741 (2001). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 741. According to the Supreme Court, the purpose of section 1997e(a) was to "reduce the quantity and improve the quality of prisoner suits . . . [to] afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524–25 (citing Booth v. Churner, 532 U.S. at 737). If the district court concludes that an inmate has failed to exhaust nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. See Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d at 368 n. 3 (9th Cir. 1988).

  The Supreme Court recently reaffirmed that the Prison Litigation Reform Act of 1995 requires a prisoner to exhaust any and all available administrative remedies before filing a case in federal court. Woodford v. Ngo, 126 S.Ct. 2378, 2380 (2006). Specifically, in Woodford v. Ngo, the court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386. The Woodford court also held that "the PLRA exhaustion requirement requires proper exhaustion," stating that were the PLRA not to require proper exhaustion, "a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court." Id. at 2387, 2389.

  NDOC has established an administrative grievance system for prisoner complaints. Under Administrative Regulation 740 (AR 740), in order to exhaust administrative remedies, an inmate must complete three levels of review, one informal, and two formal. Schutts v. Chaffee, 2008 WL 822252 *3 (D. Nev. March 2008). Under AR 740 an inmate may file an initial grievance, and if

dissatisfied with the response he or she receives, the inmate may appeal to the next (or formal) level of review. (Id.)  Each subsequent level of grievance is reviewed by a higher level within the NDOC organizational structure.  At the first level, the grievances are reviewed by the Warden, and at the second level, grievances are reviewed by Central Department of Corrections Administrators.  In order to exhaust the grievance procedure, an inmate is required to follow all three levels of review.  Additionally, pursuant to AR 740, an inmate is required to file an informal grievance within six months if the issue involved personal injury, medical claims, or any other tort claims. (Id.)

Plaintiff's Opposition states that he is familiar with the PLRA process requiring him to exhaust his grievance fully through the prison administrative process before filing suit and not while the suit is pending. (See #31 at 5.)  Thereafter, Plaintiff asserts that he did exhaust his administrative remedies, citing to Exhibit B in his opposition and an incomplete attached grievance, #20062768773. Id. at 5; 19–20.)  Grievance #20062768773 was also submitted under seal in its entirety as Exhibit "A" to Defendants' original Motion. (#12 at 14–18).  However, a review of that grievance demonstrates that Plaintiff did not grieve an Eighth Amendment violation but rather complained that he was not being housed in general population following the assault.  (Id.)

Plaintiff's sole citation to that particular grievance as proof that he exhausted administrative remedies, coupled with the detail contained in the grievance wherein Plaintiff complains only about his housing, is tantamount to an admission that he failed to grieve that which he alleges in his Complaint—that "Defendants were deliberately indifferent to serious threats to his safety in contravention of the Eighth Amendment." ( #29 at 4).  Furthermore, Warden Palmer's response indicates that Plaintiff's grievance was sustained.

Exhibits "C" and "D", attached to Plaintiff's opposition are forms for inmate requests that are not utilized in the grievance process, nor do their contents demonstrate that Plaintiff came any closer to exhausting the administrative process required by the PLRA. Id.; see also Exhibit "A" at 19–20. Accordingly, the Court finds that Plaintiff has failed to exhaust his administrative remedies as required by the PLRA, and therefore, that Defendants' Motion to Dismiss should be granted.

## IV. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#11), is **GRANTED**. Judgment to be entered for Defendants.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike (#39) is **GRANTED**.

DATED this 23rd day of March 2011.

_____
Kent J. Dawson
United States District Judge