UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL AUNDREYA YOUNG,

    Plaintiff,

v.

NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Case No. 2:09-CV-02217-KJD-GWF

**ORDER**

    Before the Court is Plaintiff's Motion for Leave to File an Alter (sic), or Amended Complaint (#46), Plaintiff's Motion Requesting Rules of Civil Procedure for Appealing Complaints (#47), Plaintiff's Motion to Alter Amended Complaint Appeal Request (#48), and Plaintiff's Motion for Rehearing with Suggestion of Rehearing En Banc (#51). Defendants have opposed the Motion for Rehearing and with Suggestion of Rehearing En Banc (#52).

    Plaintiff, Michael Aundreya Young, ("Young" or "Plaintiff") is an inmate within the State of Nevada, Department of Corrections ("NDOC"). Plaintiff filed a 42 U.S.C. 1983 complaint alleging violation of his Eighth Amendment rights in connection with an assault that took place at the Southern Desert Correctional Center. The action was dismissed on March 24, 2011. The Court

issued an Order (#43) granting the Defendants' Motion to Dismiss because Plaintiff failed to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

I.  Motion for Leave to Amend

Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The reviewing court should consider the futility of the proposed amendment. See Eminence Capital, LLC  v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing Foman, 371 U.S. at 182).  Where there is undue prejudice to the opposing party, see Eminence, 316 F.3d at 1052, or futility of amendment, see Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995), such factors can, by themselves, "justify the denial of a motion for leave to amend," Id.

Plaintiff has filed three motions attempting to revive the dismissed suit.  These motions demonstrate that Plaintiff has misapprehended the exhaustion requirement in relation to his claims. The Court is convinced that amendment would be futile.  Accordingly, leave to amend is denied.

II.  Reconsideration of the Order Dismissing the Case

Plaintiff filed various motions (## 48,51) which, although styled as "appeals" are construed as motions to seek relief from this Court's Order dismissing his case.

Relief of the type Plaintiff is seeking is governed by Fed. R. Civ. P. 60.  Relief under Fed. R. Civ. P. 60 is warranted only if "extraordinary circumstances" exist.  Maraziti v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995), citing Ackermann v. United States, 340 U.S. 193, 199-201, 71 S.Ct. 209, 212-13, 95 L.Ed. 207 (1950); Waggoner v. R. McGray, Inc., 743 F.2d 643, 645 (9th Cir.1984).  A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented.  See Maraziti, at 52 F.3d 255; Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

Here, Plaintiff fails to present any new argument showing why the Court's dismissal of his complaint was improper. Plaintiff merely asserts that the Court was "misled" by Defendants and incorrectly determined that he failed to exhaust his administrative remedies. The Court reviewed the relevant grievances, including Grievance No. 20062841208 which addresses an assault that is the basis of Plaintiff's action. That grievance was filed 18 months after the incident took place. NDOC policy requires grievances to be filed within 6 months. Failure to timely file a grievance does not constitute proper exhaustion. See Woodford v. Ngo, 548 U.S. 81, 93, 126, S.Ct. 2378, 2387 (2006) (holding that time barred grievance are not exhausted for purposes of the PLRA).

Plaintiff also argues that he was unable to obtain evidence which would have shown there was a dispute of material fact. Since this motion was dismissed pursuant to Fed. R. Civ. P. 12(b), the evidence Plaintiff sought is immaterial. Accordingly, reconsideration is denied.

III. Appeal

Final judgment was entered in this case on March 24, 2011. Plaintiff's motions were filed within 28 days of final judgment. Based on the titles of the motions filed by Plaintiff, there is some indication that Plaintiff intended to give notice of an appeal. Since the motions were filed in the District Court action, the Court has construed them as motions for relief from a final judgment under Fed. R. Civ. P. 60. Plaintiff is instructed that if he wishes to appeal his claims, he may file an appeal to the United States Court of Appeals for the Ninth Circuit within 30 days of the entry of this order pursuant to Fed. R. App. P. 4(a)(4).

III. Legal Materials

Plaintiff's request for legal materials is denied. Plaintiff has not provided any facts showing that he has requested access to these materials and that this request has been denied. See Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). A copy of the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure should be available from the prison library. This Court does not have copies of these rules available for distribution.

IV.  Conclusion

    **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Leave to File an Alter (sic), or Amended Complaint (#46) is **DENIED**.

    **IT IS FURTHER ORDERED THAT** Plaintiff's Motion Requesting Rules of Civil Procedure for Appealing Complaints (#47) is **DENIED**.

    **IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Alter Amended Complaint Appeal Request (#48) is **DENIED**.

    **IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Rehearing with Suggestion of Rehearing En Banc (#51) is **DENIED**.

    DATED this 20th day of October 2011.

_____
Kent J. Dawson
United States District Judge